

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00221-CR
_____


ERIC SHAKUR LAVIGNE, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 22-0056X


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On May 30, 2023, Eric Shakur Lavigne pled guilty to evading arrest or detention with a vehicle,[1] and the trial court placed him on deferred adjudication community supervision for ten years. On September 29, 2023, the trial court adjudicated Lavigne's guilt, revoked his community supervision, and sentenced him to eight years' imprisonment. Lavigne appeals the judgment adjudicating his guilt.

Lavigne's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Lavigne's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Lavigne with copies of the brief and the motion to withdraw. His counsel also informed Lavigne of his rights to review the record and to file a pro se response and provided him with a paper copy of the appellate record on February 27, 2024. By letter dated February 27, 2024, we notified Lavigne that his pro se response was due on or before

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

March 28, 2024.  We also notified Lavigne by letter dated April 10, 2024, that the case would be submitted on briefs on May 1, 2024.  Lavigne did not file a pro se response.

We reviewed the entire appellate record and independently determined that no reversible error exists.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error."  *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).  In this case, the judgment adjudicating guilt has an entry under "Terms of Plea Bargain" that recites "OPEN PLEA TO COURT, JUDGE ASSESSED PUNISHMENT AT 8 YEARS TDCJ, CREDIT FOR TIME SERVED AND RUN CONSECUTIVE WITH 22-0336X."  Also, an "X" is entered in the box beside "Terms of Plea Bargain are attached and incorporated herein by this reference."  However, the record shows that there was no plea-bargain agreement related to the State's motion to adjudicate.  Consequently, we will modify the judgment adjudicating guilt by deleting the recited entry and by deleting the "X" in the referenced box.

Also, the caption of the judgment adjudicating guilt spells Lavigne's last name as "Lavine."  However, the record shows that the correct spelling is "Lavigne."  Consequently, we modify the caption of the judgment adjudicating guilt by replacing "Lavine" with "Lavigne."

3

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Bledsoe*, 178 S.W.3d at 826–27. Thus, we affirm the trial court's judgment, as modified.[2]

Charles van Cleef
Justice

Date Submitted:    May 1, 2024
Date Decided:      May 2, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.